[Civ. No. 11994. First Dist., Div. Two. Apr. 15, 1942.]

RAY L. ROCKWOOD et al., Respondents, v. BROWN INTERNATIONAL INVESTMENT COMPANY (a Corporation) et al., Defendants; INTERNATIONAL INVESTMENT COMPANY (a Corporation), Appellant.

John C. Campbell for Appellant.

Charles C. Stanley, Jr., for Respondents.

SPENCE, J.—Plaintiffs brought this action seeking the cancellation of a promissory note for $400, the deed of trust on their home securing said note, and a second promissory note for $360, which was unsecured. The trial court entered its judgment in favor of plaintiffs and against defendant International Investment Company. Said defendant appeals from said judgment.

In 1933, plaintiffs were in default on a note secured by a first deed of trust and also on a note secured by a second deed of trust on their home. Said notes and deeds of trust were held by said defendant. The president of the defendant company then sought to negotiate a loan from the Home Owners' Loan Corporation on behalf of plaintiffs. These negotiations continued over a long period of time, during which defendant executed the required consent to take Home Owners' Loan Corporation bonds, which consent provided "and the undersigned hereby consents, if said refunding can be consummated, to accept in full settlement of the claim, of the undersigned, the sum of $1232 face value of the bonds . . . and thereupon to release all claim of the undersigned against said property." The above-mentioned consent was executed on September 11, 1934, and was the fourth and final consent signed by said defendant during the prolonged negotiations. The Home Owners' Loan Corporation transaction was consummated in September, 1934, pursuant to said last-mentioned consent. The several consents had been executed by defendant by reason of the refusal of the Home Owners' Loan Corporation to agree to loan the amount covered by any consent previously executed. On May 1, 1934, being the day following the execution of the third of said consents by said defendant, a note in the sum of $760 and a deed of trust on said property to secure the same were procured by said defendant from plaintiffs. This deed of trust was not recorded until October 10, 1934, being approximately one month after the closing of the Home Owners' Loan Corporation transaction. The Home Owners' Loan Corporation loan files showed no consent by the Home Owners' Loan Corporation to the taking by defendant of said $760 note and deed of trust or any reference thereto and there was testimony to show that

said files would have made reference thereto if the Home Owners' Loan Corporation had had any knowledge thereof. Said deed of trust was not put through the Home Owners' Loan Corporation loan escrow nor was it mentioned therein.

On December 4, 1934, said defendant wrote a letter to the Home Owners' Loan Corporation and made a general inquiry as to whether their rules permitted the taking of a second deed of trust in a case where the Home Owners' Loan Corporation loan was insufficient to pay the entire original obligation. While this letter was not answered until January 9, 1935, said defendant apparently learned in the meantime that the $760 note and deed of trust was greater in amount than the Home Owners' Loan Corporation would have approved. It appears from the appraisal that a $400 note and second deed of trust would have been the maximum which the Home Owners' Loan Corporation would have approved under any circumstances and then only provided that the terms were such as to give to the home owner a reasonable opportunity to meet his obligations.

Said defendant then induced plaintiffs to execute the $400 note, secured by a deed of trust on their home, and the $360 unsecured note, to take the place of the above-mentioned $760 note and deed of trust. Plaintiffs executed said instruments but the deed of trust securing said $400 note was not recorded for more than ten months thereafter.

 In the trial court, said defendant attempted to establish the validity of the $760 note and deed of trust, and the instruments under attack which replaced the same, upon the theory that the Home Owners' Loan Corporation had knowledge of the execution of said $760 note and deed of trust. Said defendant relied upon *Shiver* v. *Liberty Building-Loan Assn.*, 16 Cal. (2d) 296 [106 P. (2d) 4]. The court there said at page 300, "As stated in the McAllister case (*McAllister* v. *Drapeau*, 14 Cal. (2d) 102 [92 P. (2d) 911, 125 A. L. R. 800]), a note and deed of trust required by a creditor in addition to bonds of the Home Owners' Loan Corporation, if executed with its knowledge or consent, are valid and enforceable. However, where such instruments are secretly or fraudulently exacted by the creditor, they are void." The Shiver and McAllister cases discuss fully the rules applicable in such cases. But the most that can be said here is that there was a conflict in the evidence on the issue of knowledge on the part of the Home Owners' Loan Corporation. The trial

court found that said defendant did not at any time disclose to Home Owners' Loan Corporation the fact that it was taking or requiring the $760 note and deed of trust as a condition to its consent and that said Home Owners' Loan Corporation had no notice or knowledge of the execution of said note or of the $400 note or the $360 note or of any deed of trust securing any of them or of the terms thereof or even of the existence thereof at any time until shortly before the commencement of this action. It further found that said Home Owners' Loan Corporation did not consent to the taking by said defendant of said notes and deeds of trust or any of them, or to any plan whereby said defendant would receive any consideration except that received from said Home Owners' Loan Corporation. Our review of the record shows that there was substantial evidence to sustain these findings and, under the rules stated in the authorities above cited, we are satisfied that said findings support the conclusions of law declaring said notes and deed of trust void and the judgment ordering the cancellation of the same.

■ Said defendant now apparently contends, contrary to the position taken by it in the trial court, that the $760 note and deed of trust were given in settlement of plaintiffs' obligation under the original second deed of trust and, as only the indebtedness covered by the original first deed of trust was specifically mentioned in the recitals of its consent filed with the Home Owners' Loan Corporation, said defendant did not agree to accept the bonds in satisfaction of the indebtedness covered by the original second deed of trust. It is a sufficient answer to this contention to state that we find no evidence to sustain the claim that said $760 note and deed of trust were given in settlement of plaintiffs' obligation under the original second deed of trust. On the contrary, the evidence introduced in the trial court by plaintiffs and by said defendant showed that said $760 note and deed of trust were not given for that purpose. But furthermore, the consent signed by said defendant agreed to accept the bonds ''in full settlement of the claim of the undersigned'' and said defendant agreed ''thereupon to release all claim of the undersigned against said property.'' Said consent was therefore sufficiently broad to cover every claim of defendant against the property including the original second deed of trust and any other note and deed of trust which had been

taken by defendant to replace said original second deed of trust.

Said defendant apparently further contends that even if the $760 note and deed of trust were void, there was a moral obligation on the part of plaintiffs to pay said $760 and that said moral obligation was sufficient consideration for the execution of the $400 note and deed of trust and the $360 unsecured note. But the fact that there may have been sufficient consideration for the execution of the instruments under attack is not decisive of this controversy. The $760 note and deed of trust, having been obtained secretly and without the knowledge or consent of the Home Owners' Loan Corporation, were void and unenforceable because against public policy. (*McAllister* v. *Drapeau, supra*, page 109.) It is obvious that the purpose of the legislation creating the Home Owners' Loan Corporation, as discussed in the authorities above cited, would be defeated if instruments secretly obtained by defendant to replace the void and unenforceable $760 note and deed of trust were not held to be likewise void and unenforceable as against public policy.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.